FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 0 2 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACME LENDING, LLC, AND )
VISTA REALTY HOLDINGS, LLC, )
)
            Plaintiffs, )
)
v. )       Case No. 1. 08-CV-3672
)                                **TCB**
WACHOVIA DEVELOPMENT )
CORPORATION, )       [On Removal from Superior Court
WACHOVIA BANK, NATIONAL )      of Gwinnett County, Civil Action
ASSOCIATION, AND )      File No. 08-A-09900-3]
WACHOVIA SECURITIES, LLC )
)
            Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Wachovia

Development Corporation ("WDC"), Wachovia Bank, National Association

("WBNA"), and Wachovia Securities, LLC ("WS"), (collectively "Wachovia" or

"Defendants") hereby give notice of their removal of this action from the Superior

Court of Gwinnett County, Georgia, Civil Action No. 08-A-09900-3 ("State Court

Action"), to the United States District Court for the Northern District of Georgia,

Atlanta Division.  In support of this Notice of Removal, Defendants respectfully

show the Court as follows:

LEGAL02/31047279v2

1.

On November 7, 2008, Plaintiffs commenced this action in the Superior Court of Gwinnett County, Georgia.  Defendants were served with Plaintiffs' Complaint on November 7, 2008.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit A.

2.

This Notice of Removal ("Notice") is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after receipt by the Defendants of the initial pleading setting forth Plaintiffs' claims for relief.

I.      **Diversity Jurisdiction Exists Under 28 U.S.C. § 1332.**

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, as pled by Plaintiffs, exceeds $75,000, exclusive of interest and costs.  This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.

Plaintiff Acme Lending, LLC ("Acme") is a limited liability company, duly registered in the State of Georgia.  (Complaint at ¶ 1.)  Acme's principle place of business is located in the State of Georgia.  *See* Ex. C to to Compl., Participation Agreement (listing an Atlanta, Georgia address for Acme).

5.

Plaintiff Vista Realty Holdings, LLC ("Vista") is a limited liability company, duly registered in the State of Georgia.  (Complaint at ¶ 2.)  Vista's principle place of business is located in the State of Georgia.  *See* Ex. A to Compl., Limited Liability Company Agreement of Vista Realty Portfolio Investments, LLC; Ex. *C* to Ex. A to Compl., Joint Development Agreement (each listing an Atlanta, Georgia address for Vista).

6.

Defendant WDC is now, and was at the time Plaintiffs filed this action, a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina.  *See* Complaint, ¶ 3; *see also* Ex. A to Compl., Limited Liability Company Agreement of Vista Realty Portfolio Investments, LLC; Ex. C to Ex. A to Compl., Joint Development Agreement (each listing a Charlotte, North Carolina address for Wachovia

- 3 -

Development Corporation). Thus, Defendant WDC is a citizen of North Carolina for purposes of determining diversity of citizenship.

7.

Defendant WBNA is now, and was at the time Plaintiffs filed this action, a national banking association[1] with its main office, as set forth in its articles of association, in North Carolina. *See* Complaint, ¶ 4. Thus, Defendant WBNA is a citizen of North Carolina for purposes of determining diversity of citizenship. *See Wachovia v. Schmidt*, No. 04-1186, 546 U.S. 303 (2006) (holding that a national banking association is a citizen of only the state in which it has its designated main office as set forth in its articles of association, and thus that WBNA was deemed a North Carolina citizen for purposes of establishing diversity).

8.

Defendant WS is now, and was at the time Plaintiffs filed this action, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Defendant WS is a citizen of both Delaware and Missouri for purposes of determining diversity of citizenship.

---

[1] The complaint improperly alleges that WBNA is a corporation, incorporated in the state of North Carolina.

LEGAL02/31047279v2

9.

There exists complete diversity of citizenship in this action under 28 U.S.C.

§ 1332(a) because Plaintiff Acme is a citizen of Georgia, Plaintiff Vista is a citizen

of Georgia, Defendants WDC and WBNA are citizens of the State of North

Carolina, and Defendant WS is a citizen of Delaware and Missouri.

10.

Plaintiffs seek compensatory damages for Defendants' purported securities

violations, conversion, breach of contract, and RICO violations, as well as punitive

and exemplary damages, plus attorney's fees. Plaintiffs further seek to have this

Court issue declaratory relief and a preliminary injunction preventing Defendants

from pursuing Plaintiffs for money and collateral owed Defendants. For each

claim asserted by Plaintiffs, the amount in controversy, exclusive of interest and

costs, exceeds $75,000, or alternatively, the claim arises from the same case or

controversy such that supplemental jurisdiction over the claim is proper.

11.

When the amount in controversy is unclear from the face of the complaint,

parties are allowed to show that the case meets the requisite jurisdictional amount

by reference to additional documentation. The Court may consider the allegations

in the notice of removal as well as other documents "received by the defendant

- 5 -

from the plaintiff -- be it the initial complaint or a later received paper -- and

determine[] whether that document and the notice of removal unambiguously

establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213

(11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008).

12.

Under Count One of the Complaint, Plaintiffs seek to have this Court issue

declaratory relief and a preliminary injunction preventing Defendants from

pursuing Plaintiffs for money and collateral owed Defendants. Complaint, at ¶ 68.

The amount in controversy for Count One exceeds $75,000. Alternatively, given

that Count One arises from the same case or controversy as each and every other

claim for relief alleged by Plaintiffs, this Court has subject matter jurisdiction over

Count One pursuant to supplemental jurisdiction conferred by 28 U.S.C. § 1367.

13.

Under Count Two of the Complaint, Plaintiffs allege that Acme is entitled to

recover Three Million Dollars ($3,000,000), plus interest thereon, for Defendants'

purported sale of securities in violation of O.C.G.A. § 10-5-12(a). Complaint, at ¶

68. The amount in controversy for Count Two exceeds $75,000 as asserted by

Plaintiffs.

LEGAL02/31047279v2

14.

Under Count Three of the Complaint, Plaintiffs allege that Acme is entitled

to recover Three Million Two Hundred and Fifty Thousand Dollars ($3,250,000),

plus interest thereon, for Defendants' purported sale of securities in violation of

O.C.G.A. § 10-5-12(a). Complaint, at ¶ 68. The amount in controversy for Count

Three exceeds $75,000 as asserted by Plaintiffs.

15.

Under Count Four of the Complaint, Plaintiffs allege that Acme is entitled to

recover Three Million Dollars ($3,000,000), plus interest thereon, for Defendants'

purported conversion. Complaint, at ¶ 68. The amount in controversy for Count

Four exceeds $75,000 as asserted by Plaintiffs.

16.

Under Count Five of the Complaint, Plaintiffs allege that Vista is entitled to

specific performance ordering Defendant WDC to allow the substitution of certain

real property known as "Lenox Vista" for Vista's One Million Five Hundred

Thousand Dollar ($1,500,000) letter of credit. Complaint, at ¶ 68. The amount in

controversy for Count Five exceeds $75,000. Alternatively, since Count Five

arises from the same case or controversy as each and every other claim for relief

- 7 -

alleged by Plaintiffs, this Court has subject matter jurisdiction over Count Five pursuant to supplemental jurisdiction conferred by 28 U.S.C. § 1367.

17.

Under Count Six of the Complaint, Plaintiffs allege that Vista is entitled to recover its actual damages for Defendant WDC's purported breach of the Limited Liability Company Agreement of Vista Realty Portfolio Investments, LLC. Complaint, at ¶ 68. The amount in controversy for Count Six exceeds $75,000. Alternatively, because Count Six arises from the same case or controversy as each and every other claim for relief alleged by Plaintiffs, this Court has subject matter jurisdiction over Count Six pursuant to supplemental jurisdiction conferred by 28 U.S.C. § 1367.

18.

Under Count Seven of the Complaint, Plaintiffs allege that Acme is entitled to recover *three times* its actual damages from Defendants' sale of both the A-2 and A-3 participation interests. Plaintiffs allege actual damages in the amount of Three Million Dollars ($3,000,000) for the sale of the A-2 participation interest and actual damages in the amount of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000) for the sale of the A-3 participation interest. Complaint, at ¶

- 8 -

68. The amount in controversy for Count Seven exceeds $75,000 as asserted by Plaintiffs.

19.

Under Count Eight of the Complaint, Plaintiffs allege that they are entitled to recover punitive and exemplary damages pursuant to O.C.G.A. § 51-12-5.1. Complaint, at ¶ 68. The amount in controversy for Count Eight exceeds $75,000. Alternatively, given that Count Eight arises from the same case or controversy as each and every other claim for relief alleged by Plaintiffs, this Court has subject matter jurisdiction over Count Eight pursuant to supplemental jurisdiction conferred by 28 U.S.C. § 1367.

20.

Under Count Nine of the Complaint, Plaintiffs allege that they are entitled to recover the expenses and costs of litigation, including reasonable attorneys' fees. Complaint, at ¶ 68. The amount in controversy for Count Nine exceeds $75,000. Alternatively, because Count Nine arises from the same case or controversy as each and every other claim for relief alleged by Plaintiffs, this Court has subject matter jurisdiction over Count Nine pursuant to supplemental jurisdiction conferred by 28 U.S.C. § 1367.

- 9 -

## II.    Removal to this Court is Proper.

21.

As demonstrated above, this Court has subject matter jurisdiction over each and every claim for relief alleged by Plaintiffs. There is complete diversity of citizenship between each Plaintiff and each Defendant that is a party to this litigation, and the amount in controversy for each Count in the Plaintiffs' Complaint exceeds $75,000. Alternatively, if the amount in controversy for any claim is found by this Court not to exceed $75,000, then this Court has jurisdiction over the claim pursuant to supplemental jurisdiction.

22.

The United States District Court for the Northern District of Georgia is the federal judicial district embracing the Superior Court of Gwinnett County, Georgia, where the underlying suit was originally filed. 28 U.S.C. § 90(a). Accordingly, venue is proper in this District under 28 U.S.C. § 1441(a).

23.

This Court, therefore, has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and removal to this Court is proper pursuant to 28 U.S.C. § 1441.

LEGAL02/31047279v2

24.

Defendants filed this Notice with this Court, are serving a copy of it upon Plaintiffs, and are filing a copy of it in the Superior Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, for the reasons set forth above, Wachovia respectfully requests that this Court assume full jurisdiction over this action as provided by law.

LEGAL02/31047279v2

Respectfully submitted this 2nd day of December, 2008.

JOHN E. STEPHENSON, JR.
Georgia Bar No. 679825
JAY D. BENNETT
Georgia Bar No. 051350
JEFFREY J. SWART
Georgia Bar No. 697310
ROBERT L. FORTSON
Georgia Bar No. 142684

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Facsimile: 404-881-7777
Email: John.Stephenson@alston.com
Email: Jay.Bennett@alston.com
Email: Jeff.Swart@alston.com
Email: Rob.Fortson@alston.com

*Attorneys for Defendants*

- 12 -

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 0 2 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACME LENDING, LLC, AND        )
VISTA REALTY HOLDINGS, LLC,   )
                              )
            Plaintiffs,       )
                              )
v.                            )    Case No. 1 08-CV-3672
                              )
WACHOVIA DEVELOPMENT          )
CORPORATION,                  )    [On Removal from Superior Court
WACHOVIA BANK, NATIONAL       )    of Gwinnett County, Civil Action
ASSOCIATION, AND              )    File No. 08-A-09900-3]
WACHOVIA SECURITIES, LLC      )
                              )
            Defendants.       )

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that Defendant's **Notice of Removal** was prepared in Times

New Roman 14 point font, double-spaced, with a top margin of not less of 1.5

inches and a left margin of not less than 1 inch.

_____
ROBERT L. FORTSON

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 0 2 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACME LENDING, LLC, AND         )
VISTA REALTY HOLDINGS, LLC,    )
                               )
            Plaintiffs,        )
                               )
v.                             )      Case No. 1-08-CV-3672
                               )
WACHOVIA DEVELOPMENT           )
CORPORATION,                   )      [On Removal from Superior Court
WACHOVIA BANK, NATIONAL        )      of Gwinnett County, Civil Action
ASSOCIATION, AND               )      File No. 08-A-09900-3]
WACHOVIA SECURITIES, LLC       )
                               )
            Defendants.        )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the

within and foregoing **NOTICE OF REMOVAL** via United States First Class

Mail, with sufficient postage affixed thereto, upon the following:

        Graydon W. Florence
        480 Mt. Vernon Hwy, N.E.
        Atlanta, GA  30328-4142

This 2nd day of December, 2008.

                                        _____
                                        ROBERT L. FORTSON

- 14 -